IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA MURPHY, on behalf of herself and a class, ) ) ) Plaintiff, ) ) vs. ) ) MIDLAND CREDIT ) MANAGEMENT, INC.; ) MIDLAND FUNDING LLC; ) and ENCORE CAPITAL GROUP, INC., ) formerly MCM CAPITAL GROUP, INC., ) ) Defendants. ) | Jury Demanded |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

Plaintiff Linda Murphy brings this action to secure redress against unlawful collection practices engaged in by defendants Midland Credit Management, Inc. ("MCM"); Midland Funding LLC ("Midland Funding"); and Encore Capital Group, Inc., formerly known as MCM Capital Group, Inc. ("Encore"). Defendants are sometimes collectively referred to as "Midland." Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

1. This Court has jurisdiction under 15 U.S.C. § 1692k (FDCPA), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

2. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by Plaintiff within this District;

  b.  Defendants do or transact business within this District.

## PARTIES

3. Plaintiff Linda Murphy ("Plaintiff") is an individual who resides in the Northern District of Illinois.

4. Defendant Midland Funding LLC is a limited liability company chartered under Delaware law with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. It does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

5. Defendant Midland Funding LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant Midland Funding LLC holds a collection agency license from the state of Illinois.

7. Defendant Midland Funding LLC is a "debt collector" as defined in the FDCPA.

8. Defendant Midland Credit Management is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. It does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

9. Defendant Midland Credit Management is a collection agency and collects the debts held in the name of Midland Funding, LLC.

10. Defendant Midland Credit Management holds a collection agency license from the state of Illinois.

11. Defendant Midland Credit Management is a "debt collector" as defined in the FDCPA.

12. Midland Credit Management and Midland Funding LLC are under common ownership. Both are subsidiaries of Encore, a publicly traded Delaware corporation, with offices at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875.

13. Defendant Encore secures funds from investors and lenders for the purpose of purchasing the debts to which Midland Funding LLC takes title, devises the collection strategies used by the other defendants and participates in the debt collection activities complained of.

14. Encore is a "debt collector" as defined in the FDCPA.

**FACTS**

15. Defendants have been attempting to collect from Plaintiff an alleged debt comprised of a credit card loan that she received for personal, non-business purposes, which went into default before it was assigned to Defendants for collection from the Plaintiff.

16. On or after December 7, 2012, Defendants sent Plaintiff the letter attached as Exhibit A for the purpose of collecting the alleged debt.

17. Exhibit A is a form letter.

18. It is the policy and practice of Defendants to send a letter in the form represented by Exhibit A to collect a debt.

19. Exhibit A congratulates the consumer, informing them "You have been **pre-approved** for a discount program designed to save you money."

20. Exhibit A states "You are **pre-approved** for a 40% discount!"

21. Exhibit A makes a settlement offer, titled Option 1, with a Payment Due Date of January 6, 2013.

22. Exhibit A makes a second settlement offer, titled Option 2, with a First Payment Due Date of January 6, 2013.

23. Exhibit A states in a sidebar entitled "Benefits of Paying!" that the offer expiration date is January 6, 2013.

24. Exhibit A includes a "PAYMENT COUPON" that states: "**Payment Due Date: 01-06-2013**".

25. Exhibit A represents "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

26. At no time did Defendants have a legal right to add late charges and other charges to Plaintiff's account, yet they falsely threatened to do so.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. 15 U.S.C. **§**1692e provides:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .

> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29. Defendants violated 15 U.S.C. §1692e, §1692e(5) and § 1692e(10) by falsely representing that late charges and other charges may increase the amount allegedly due when in fact, there is no legal possibility that such charges can be added. Such actions violate the FDCPA. *See Lox v. CDA*, 689 F.3d 818, 825 (7th Cir. 2012); *Ruth v. Triumph P'ships,* 577 F.3d 790, 801 (7th Cir. 2009); *Gonzalez v. Arrow Fin. Servs., LLC,* 660 F.3d 1055, 1063 (9th Cir. 2011).

## CLASS ALLEGATIONS

30. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

31. The class consists of (a) all individuals with addresses in Illinois, (b) to whom Defendants sent a letter in the form represented by Exhibit A (c) seeking to collect an alleged credit card debt (d) asserting that the amount due may increase because of late charges and other charges (e) where no such late charges and other charges were authorized by any agreement, or allowed by law, and which letter contains an "expiration date" for payment (f) which letter was sent during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

32. Given the use of a form letter, it is reasonable to infer that the class is so numerous that joinder of all members is not practicable.

33. There are questions of law and fact common to the class members, which

34. Common questions predominate over any questions relating to individual class members.

35. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA.

36. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel with experience in class actions and FDCPA litigation.

38. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

    (1) Statutory damages;

    (2) Attorney's fees, litigation expenses and costs of suit;

    (3) Such other and further relief as the Court deems proper.

    s/ Mario Kris Kasalo
    Mario Kris Kasalo

Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)


### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                                                  s/ Mario Kris Kasalo
                                                  Mario Kris Kasalo


Mario Kris Kasalo
THE LAW OFFICE OF M. KRIS KASALO, LTD.
20 North Clark Street, Suite 3100
Chicago, IL 60602
(312) 726-6160 (TELE)
(312) 698-5054 (FAX)